IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| ADAM REYES, #1125420 § | |
| § | |
| V. § | CIVIL ACTION NO. G-05-385 |
| § | |
| RICK PERRY, ET AL. § | |
| § | |

## REPORT AND RECOMMENDATION

Plaintiff Adam Reyes, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. The particularity with which Plaintiff has pleaded his claim makes it unnecessary, in this Court's opinion, to afford Plaintiff the customary opportunity to replead. A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a Plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93, (5th Cir. 1986).

When a plaintiff seeks to proceed *in forma pauperis*, pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by a

person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986).

Plaintiff alleges that Defendants at the Darrington Unit were deliberately indifferent to his health needs when they served him food on July 2, 2003, that caused him to suffer food poisoning. Plaintiff included copies of grievances filed on June 12, 2005 for this claim; the grievances were returned to him marked, "grievable time period has expired." It therefore appears that Plaintiff has failed to exhaust mandatory administrative remedies.

Title 42, United States Code, 1997e(a), as amended by Section 803 of the Prison Litigation Reform Act of 1995, provides that "[n]o action shall be brought with respect to prison conditions .... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." [T]he PLRA's exhaustion requirement applies to all inmate suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516 (2002). "Absent a valid defense to the exhaustion requirement,"... the Fifth Circuit has determined the "statutory requirement enacted by Congress that administrative remedies be exhausted before the filing of suit should be imposed." *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998).

Plaintiff has raised no valid defense for failing to exhaust his administrative remedies. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 n. 2 (5th Cir. 2001) (holding that the exhaustion requirement "is not jurisdictional and may be subject to certain defenses such as waiver, estoppel or equitable tolling"). Accordingly, it is the **RECOMMENDATION** of this Court **that the instant cause be dismissed without prejudice for failure to exhaust administrative remedies**.

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same. The Plaintiff shall have until **November 14, 2005** in which to

have written objections **physically on file** in the Office of the Clerk.  <u>The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at  P.O. Drawer 2300</u>.  Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

      **DONE** at Galveston, Texas, this the ____26th____ day of October, 2005.

 

John R. Froeschner
United States Magistrate Judge